IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANNA LOUISE SOUTHWORTH                                                                 PLAINTIFF

v.                                          Case No. 2:13-CV-02241

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                         DEFENDANT

**O R D E R**

The Court has received proposed findings and recommendations (Doc. 16) from United States Magistrate Judge Erin L. Setser. The Court has conducted a careful review of the findings and recommendations and of the timely objections (Doc. 17) filed by Plaintiff. After reviewing the record *de novo* as to Plaintiff's objections, the Court finds the Magistrate's reasoning to be sound and further finds that Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings.

Plaintiff objects to the Magistrate's finding that the Administrative Law Judge ("ALJ") did not err in using residual-functional-capacity ("RFC") findings by a treating physician and nurse practitioner from before the alleged onset date of Plaintiff's disability or in seeking updated RFC determinations from these sources. The doctor and nurse practitioner Plaintiff refers to, however, do not appear to have treated Plaintiff after the alleged onset date of her disability. Plaintiff also objects to the ALJ's consideration of the opinions of non-treating, non-examining sources in developing the ALJ's determination of Plaintiff's RFC. Plaintiff argues that the Magistrate and Defendant ignore *Nevland v. Apfel*, where the Eighth Circuit reversed an ALJ's decision because he relied on the opinions of non-treating, non-examining physicians in determining the claimant's RFC. 204 F.3d 853, 858 (8th Cir. 2000). *Nevland*, however, "addressed the evidence necessary to satisfy

an ALJ's burden of proof at step five in the disability analysis; *Nevland* does not preclude the ALJ's reliance on a reviewing physician's report at step four when the burden is on the claimant to establish an inability to do past relevant work." *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007).

In all other respects, the Court finds the Magistrate's reasoning to be sound and the ALJ's findings to be supported by substantial evidence on the record as a whole.

The Court therefore concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects in their entirety. Judgment will be entered accordingly.

IT IS SO ORDERED this 4th day of February, 2015.

/s/ *P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE